USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/17/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                    :

PHILLIP MICHAEL SCOTT,             :
                                    :
                                    :
                       Plaintiff,      :                1:17-cv-1052-GHW
                                    :
                      -v-                 :       MEMORANDUM OPINION
                                    :           AND ORDER
AIG PROPERTY CASUALTY COMPANY   :
AND GREAT NORTHERN INSURANCE    :
COMPANY,                            :
                                    :
                     Defendants.    :
                                    :
------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

## I.    INTRODUCTION

      Four months ago, Plaintiff-Debtor Phillip Michael Scott commenced an adversary
proceeding in bankruptcy court against Defendants Great Northern Insurance Company ("Great
Northern") and AIG Property Casualty Company ("AIG"), alleging causes of action for breach of
contract and breach of the covenant of good faith and fair dealing relating to homeowner's
insurance policies issued to Plaintiff by Great Northern and AIG.  Defendants now move pursuant
to 28 U.S.C. § 157(d) to withdraw the reference of this matter to the bankruptcy court.

      The Court finds that Defendants have shown cause for permissive withdrawal.  The
adversary proceeding concerns a non-core pre-petition contract dispute over which the bankruptcy
court does not have final adjudicative authority, and withdrawal at this early stage of the case will
conserve judicial resources and will not prejudice the parties.  As a result, Defendants' motion to
withdraw the bankruptcy reference is GRANTED.

## II.    BACKGROUND

Plaintiff has a long, unfortunate history with the property at 12 Inverness Road, in Scarsdale, New York.  The property has been the subject of multiple foreclosure actions, discussed in detail by the bankruptcy court in Plaintiff's last bankruptcy proceeding.  *See In re Philip Scott*, Case No. 15-cv-755 (Bankr. S.D.N.Y), Dkt. No. 11 at 2-5.  The house has burnt to the ground twice since Plaintiff acquired the property.  This adversary proceeding is an insurance dispute related to the second fire.

Plaintiff purchased a homeowner's insurance policy for his property from Defendant AIG, which was effective from December 4, 2014 to December 7, 2015.  Adversary Proceeding Complaint, Case No. 16-01329, Dkt. No. 1 ("Compl.") ¶ 2.  Defendant purchased an additional insurance policy for the property from Defendant Great Northern, which was effective from December 8, 2014 to December 8, 2015.  *Id.* ¶ 3.  Around January 1, 2015, the property was damaged by a fire.  *Id.* ¶ 26.  Plaintiff promptly submitted an insurance claim to Defendants seeking insurance coverage for the damage to the property caused by the fire.  *Id.* ¶ 29.

On July 20, 2016, Plaintiff filed a voluntary bankruptcy petition seeking relief under Chapter 13 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of New York. *In re Phillip Scott*, Case No. 16-12045 (Bankr. S.D.N.Y).  On October 4, 2016, AIG issued a letter denying Plaintiff's insurance claim for damages resulting from the fire.  Pl.'s Opp'n, Dkt. No. 12, at 6-7.  Plaintiff states that Great Northern has also not provided payment for the claim.  *Id.* at 7.

On December 28, 2016, Plaintiff commenced an adversary proceeding against Defendants. The adversary proceeding complaint seeks damages for breach of contract and for breach of an implied covenant of good faith and fair dealing, contending that Defendants breached their respective insurance contracts by withholding payment under the homeowner's insurance policies. On February 13, 2017, Defendant Great Northern moved this Court to withdraw the bankruptcy reference.  Dkt. No. 1.  Defendant AIG adopted the arguments set forth in Great Northern's

motion for withdrawal. Affirmation of Michael Bono, Dkt. No. 4 ¶ 9. On March 2, 2017, Plaintiff opposed Defendants' motion. Dkt. No. 12. On March 9, 2017, Defendant AIG submitted a reply brief. Dkt. No. 14.

### III.    LEGAL STANDARD

District courts have original jurisdiction over bankruptcy cases and all civil proceedings "arising under" or "related to" cases under title 11. 28 U.S.C. § 1334; *see In re Connie's Trading Corp., et al.*, No. 14-civ-376, 2014 WL 1813751, at *3 (S.D.N.Y. May 8, 2014). The Southern District of New York has a standing order that provides that "any or all proceedings arising under title 11 or arising in or related to a case under title 11" are automatically referred to the bankruptcy court. *In re Standing Order of Reference Re Title 11,* 12 Misc. 32 (S.D.N.Y. Feb. 1, 2012). Pursuant to 28 U.S.C. § 157(d), however, "a district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." The Second Circuit has articulated a number of non-exhaustive factors that district courts should weigh in determining whether "cause" is shown for permissive withdrawal under § 157(d). *See In re Orion Pictures Corp.*, 4 F.3d 1095 (2d Cir. 1993). Those factors, commonly referred to as the "*Orion* factors," include: "(1) whether the claim is core or non-core, (2) what is the most efficient use of judicial resources, (3) what is the delay and what are the costs to the parties, (4) what will promote uniformity of bankruptcy administration, (5) what will prevent forum shopping, and (6) other related factors." *In re Burger Boys, Inc.*, 94 F.3d 755, 762 (2d Cir. 1996) (paraphrasing *Orion*, 4 F.3d at 1101).

*Orion* and subsequent cases emphasized that the first factor—whether a claim is core or non-core—was the most important consideration. *See id.* However, a 2011 Supreme Court decision reoriented this analysis. In *Stern v. Marshall*, the Supreme Court held that Article III, Section 1 of the U.S. Constitution limits Congress's power to assign adjudicatory power to the bankruptcy court. 564 U.S. 462 (2011). As the Court explained in *Stern*:

When a suit is made of the stuff of the traditional actions at common law tried by the courts at Westminster in 1789, and is brought within the bounds of federal jurisdiction, the responsibility for deciding that suit rests with Article III judges in Article III courts. The Constitution assigns that job—resolution of the mundane as well as the glamorous, matters of common law and statute as well as constitutional law, issues of fact as well as issues of law—to the Judiciary.

*Id.* at 484 (citing *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 86-87 n.39, 90 (1982) (internal quotation marks omitted)).

Since *Stern*, a number of courts in this district have concluded that "the principal question is no longer whether the claim in question is 'core' or 'non-core' pursuant to the Bankruptcy Code but whether the bankruptcy court has *constitutional authority* to enter final judgment on the claims at issue." *In re Lehman Bros. Holdings Inc.*, 480 B.R. 179, 188 (S.D.N.Y. 2012) (emphasis in original); *see also Adelphia Recovery Tr. v. FLP Grp., Inc.*, 11-civ-6847, 2012 WL 264180, at *3 (S.D.N.Y. Jan. 30, 2012) ("After *Stern,* a court's consideration of a motion to withdraw reference to bankruptcy court should—in addition to the *Orion* factors—include consideration of: whether the claims at issue involve a public or private right; whether the claims will be resolved in ruling on a creditor's proof of claim, if any; and whether the parties consent to final adjudication by a non-Article III tribunal."). Considering both the threshold question of whether the bankruptcy court has authority to enter a final decision in the adversary proceeding, as well as the *Orion* factors, the Court finds that permissive withdrawal of the bankruptcy reference is warranted in this case.

## IV. DISCUSSION

The Court's analysis is eased here because the parties agree that the adversary proceeding is a "non-core" proceeding, and that the bankruptcy court does not have constitutional authority to adjudicate the claims in the adversary proceeding. *See* Compl. ¶ 23. ("Plaintiff does not consent to the entry of final orders and judgments by [the bankruptcy court] . . . [but r]ather, because this adversary action is a 'related to' non-core proceeding, this Court should submit proposed findings of fact and conclusions of law to the District Court for the Southern District of New York."). For the

reasons set forth below, the Court agrees with the parties' assessment.

A. The Bankruptcy Court Does Not Have Constitutional Authority to Adjudicate the Claims in the Adversary Proceeding

"[T]he Supreme Court set forth three instances where a bankruptcy court may adjudicate finally a claim at issue: (1) if the claim involves a public right; (2) if the process of adjudicating the creditor's proof of claim would necessarily resolve a counterclaim; or (3) if the parties consent to final adjudication by the bankruptcy court." *Messer v. Magee (In re FKF 3, LLC)*, No. 13-cv-3601, 2016 WL 4540842, at *6 (S.D.N.Y. Aug. 30, 2016) (citing *Stern*, 564 U.S. at 478-82, 488-99).

Here, the adversary proceeding involves two causes of action: breach of contract and breach of a covenant of faith and fair dealing. Both these claims concern pre-petition insurance policies between Plaintiff and Defendants, and payments allegedly owed to Plaintiff after a pre-petition fire destroyed the insured property. These claims do not involve a public right. *See In re Arbco Capital Mgmt., LLP*, 479 B.R. 254, 263, 266 (S.D.N.Y. 2012) (holding that a state common law claims, including a claim for breach of contract, "involve non-core proceedings and are indisputably private rights"). Further, the Defendants have not filed a claim against the estate, so the resolution of the adversary proceeding would not necessarily resolve any such claim against the estate. Finally, neither Defendants nor Plaintiff consent to bankruptcy court adjudication.

Indeed, well before *Stern* was decided, the Supreme Court held that a bankruptcy court did not have the authority to adjudicate a state breach of contract action based on a pre-petition contract because those claims "involve[d] a right created by *state* law, a right independent of and antecedent to the reorganization petition that conferred jurisdiction upon the Bankruptcy Court." *Northern Pipeline*, 458 U.S. at 84. This case presents exactly the same set of circumstances, and thus the bankruptcy court would not have final adjudicative authority over Plaintiff's adversary proceeding. That the bankruptcy court would not have authority to enter a final judgment in this case strongly supports withdrawal of the reference here.

B.  <u>The Adversary Proceeding Concerns Non-Core Claims</u>

The parties similarly contend that the adversary proceeding is a "non-core proceeding," and the Court agrees.  A proceeding that involves "substantive rights created by federal bankruptcy law" or that "would have no existence outside of the bankruptcy" is a core proceeding.  *In re Robert Plan Corp.*, 777 F.3d 594, 596-97 (2d Cir. 2015).  Conversely, a claim is non-core if it "does not depend on bankruptcy laws for its existence and . . . could proceed in a court that lacks federal bankruptcy jurisdiction."  *DeWitt Rehab. & Nursing Ctr., Inc. v. Columbia Cas. Co.*, 464 B.R. 587, 591 (S.D.N.Y. 2012) (citation omitted).

The determination of whether a contract action is a core proceeding or a non-core proceeding also requires consideration of "(1) whether [the] contract is antecedent to the reorganization petition; and (2) the degree to which the proceeding is independent of the reorganization."  *Universal Oil Ltd. v. Allfirst Bank (In re Millennium Seacarriers, Inc.)*, 419 F.3d 83, 97 (2d Cir. 2005) (internal quotations marks and citation omitted).  Claims for pre-petition contract damages are generally non-core.  *See Orion.*, 4 F.3d at 1102 ("It is clear that to the extent that the claim is for pre-petition contract damages, it is non-core.") (quoting *Beard v. Braunstein*, 914 F.2d 434, 443 (3d Cir. 1990)); *In re Coudert Bros.*, No. 11-cv-4949, 2011 WL 7678683, at *5 (S.D.N.Y. Nov. 23, 2011) ("Where a contract sued upon was formed prior to the bankruptcy petition, it will generally be highly unlikely that a proceeding based on that contract turns on the bankruptcy laws.").  "The critical question in determining whether a contractual dispute is core by virtue of timing is not whether the *cause of action* accrued post-petition, but whether the *contract* was formed post-petition." *In re U.S. Lines, Inc.*, 197 F.3d 631, 637 (2d Cir. 1999).  With respect to independence from the bankruptcy case, a proceeding can be considered core "if either (1) the type of the proceeding is unique to or uniquely affected by the bankruptcy proceeding, or (2) the proceeding directly affects a core bankruptcy function."  *Universal*, 419 F.3d at 97 (internal quotation marks and citation omitted).

Here, the breach of a pre-petition contract and breach of the implied covenant of good faith and fair dealing are clearly non-core claims. Even though Defendants' refusal to pay under the contracts occurred after Plaintiff filed for bankruptcy in July 2016, the contracts themselves—the home insurance policies—were entered into over a year before the bankruptcy petition. Finding this proceeding to be non-core weighs in favor of withdrawing the reference.

C. The Other *Orion* Factors Support Withdrawal of the Bankruptcy Reference

Consideration of the other *Orion* factors similarly weighs in favor of withdrawing the bankruptcy reference here. First, withdrawal will not cause significant inefficiencies. Because any bankruptcy court adjudication of Plaintiff's contract claims would be subject to *de novo* review by the district court, withdrawal will avoid the duplication of effort in resolving the case—a more efficient use of judicial resources. Moreover, Plaintiff initiated the adversary proceeding less than four months ago, and the bankruptcy petition itself was filed within the last year. This case does not present a situation in which the bankruptcy court has presided over the case for many years and is therefore familiar with the parties and the underlying issues in the case. Indeed, nothing has happened in the adversary proceeding as of yet; the deadline by which Defendants must answer or otherwise respond to the adversary complaint has been extended to May 1, 2017, and the first hearing in the case is scheduled for May 4, 2017. As such, withdrawal of the reference would not result in a waste of judicial resources, nor would it prejudice the parties by causing undue delay.

Withdrawal of the reference would also not adversely impact the uniformity of bankruptcy administration because the adversary proceeding claims are not brought under bankruptcy law. *See In re The VWE Grp. Inc.*, 359 B.R. 441, 451 (S.D.N.Y. 2007). Additionally, Defendants request a jury trial in this non-core matter. The Second Circuit has held that "the constitution prohibits bankruptcy courts from holding jury trials in non-core matters." *Orion*, 4 F.3d at 1101. Defendants' jury demand thus weighs in favor of withdrawal.

Finally, there is no indication that Defendants are motivated by forum shopping in seeking to withdraw the bankruptcy reference. *See In re Lyondell Chem. Co.*, 467 B.R. 712, 725 (S.D.N.Y. 2012) ("It is unclear whether the defendants are engaged in forum shopping or simply believe that withdrawal of the reference will reduce the time and expense of litigation."). Evaluation of this factor, therefore, does not weigh against withdrawal.

## V.  CONCLUSION

The bankruptcy court would not have final adjudicatory authority over this non-core adversary proceeding, and—taken together—consideration of the *Orion* factors supports the finding that withdrawal of the bankruptcy reference is appropriate in this case. The reference is therefore withdrawn, and the case will proceed outside of the bankruptcy court.

SO ORDERED.

Dated: April 17, 2017
    New York, New York

_____
GREGORY H. WOODS
United States District Judge